UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,

                    Plaintiff,

  -against-                                      COMPLAINT

TRIPLE CANOPY INC., A CONSTELLIS
COMPANY,

                    Defendant.
------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Health Fund ("Fund"), by its attorneys Raab, Sturm & Ganchrow, LLP, as and for its Complaint against Triple Canopy Inc., A Constellis Company ("Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, for monetary and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Fund. This Complaint alleges that by failing, refusing, or neglecting to pay and submit the required monetary contributions and/or reports to the Fund when due, Defendant violated its collective bargaining agreement, and the trust agreement of the Fund, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    Section 502(e) (1) and (f) of ERISA (29 U.S.C. § 1132(e) (1) and (f);

    Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

    28 U.S.C. § 1331 (federal question); and

    28 U.S.C. § 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e) (2) of ERISA (29 U.S.C. § 1132 (e) (2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6) (2)).

## PARTIES

4. The Fund is a jointly administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c) (5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d) (1) of ERISA (29 U.S.C. § 1002(2), (3), and 1132(d) (1)), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d) (1) of ERISA (29 U.S.C. § 1132(d) (1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, in the City, County, and

State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant, having offices and operations in various States across the country and having a principal place of business at 7 Dulles Technology Drive, in the Town of Herndon, County of Fairfax, State of Virginia, was and continues to be a for-profit Virginia corporation doing business in various states of the United States, including the State of Pennsylvania, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is and was and is party to a collective bargaining agreement ("Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or remit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the units set forth in the Agreement with Union.

7. The Agreement between the Defendant and the Union authorizes the Fund to initiate actions in Court to enforce the obligations to the Fund.

8. The Agreement includes the following provision:

> If the Employer fails to make required reports or payments to the Health Fund, the Trustees may in their absolute discretion take any action necessary, including but not limited to immediate arbitration and suits at law, to enforce such reports and payments, together with interest, and liquidated damages as provided in the Fund's

    trust agreement and any and all expenses of collection, including, but not limited to counsel fees, arbitration costs, and fees and court expenses.

9. The Agreement includes provisions binding the contributing employers to the Fund's trust agreement, along with the collection policies promulgated by the Trustees of the Fund. The Agreement contains the following provision which reads:

> By agreeing to make contributions into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended, and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Funds shall make amendments to the Trust Agreements and shall adopt such regulations as may be required to conform to applicable law.

10. A. The Agreement and Declaration of Trust of the Health Fund ("Trust Agreement") provides, in pertinent part:

> A)    ARTICLE III:
> CONTRIBUTING EMPLOYERS
> Industry Employers.
> A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
> (b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.
>
> B)    ARTICLE V
> POWERS OF THE TRUSTEES
> Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

    (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

    C)     ARTICLE V
           POWERS OF THE TRUSTEES
           Section 3.

General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

    D)     ARTICLE VIII
           OBLIGATIONS OF EMPLOYERS

Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

11. Pursuant to the authority vested in them under the Trust Agreement, the Trustees of the Fund promulgated rules and regulations that all contributing employers, including Defendant, be required to make their contributions to the Fund on a timely basis. Failures to contribute in a timely manner, results in consequences. The Rules provide, in relevant part:

        **Consequences of delinquency.**

Interest will accrue on any deferred wages … by the due date defined in **I.A** and on any other contribution that is not paid by the due date …**.**

    **A.**     **Interest.**
        **1.**     The interest rate is 9% per year, subject to review and adjustment by the Executive Committee at any time that the Executive Committee determines that the rate is no longer

        appropriate in light of prevailing interest rates, or other relevant factors.

    **2.**    Interest will be calculated as follows:

        **a.**    for deferred wages payable as 401(k) contributions to the SRSP, beginning on the 8th day after the payroll payment date on which amounts deferred would otherwise have been payable to the participant, and

        **b.**    for all other contributions, beginning on the 21st day of the month for payroll periods ending in the preceding month.

    **3.**    One month's interest will be charged for each month or part of a month that the delinquency continues, i.e., a full month's interest will be charged on the beginning date specified in **A.2** (whichever is applicable) and an additional month's interest will be charged for each following month or part of a month thereafter on any part of the delinquency that remains outstanding. Interest is calculated only on the principal amount due, and no interest shall accrue on interest.

12. Pursuant to the Agreement, Defendant was required to remit contributions to the Fund on behalf of the unit employees employed under its Agreement for all eligible employees and as of the date of this Complaint, Defendant has not paid all contributions due for these employees and is delinquent to the Fund for the reporting dates June 2023 through the date of this Complaint, in an amount of not less than $152,225.31.

13. As of the date of the Complaint, delinquent payment interest and accrued interest on the non-payments as described above is no less than $15,973.33.

14. The Fund's collection policy mandates the assessment of 20% of the unpaid principal as contractual liquidated damages. Hence, liquidated damages are no less than $30,445.06.

15. Based upon the above and pursuant to the Funds' collection policy, Defendants are contractually liable for the non-payments of not less than $152,225.31 in principal, not less

than $15,225.31 in interest and not less than $30,445.06 in liquidated damages as called for in the Agreement.

16. Additionally, Defendant has failed to report all hours of work for all bargaining unit employees for whom contributions are due, resulting in additional sums being due to the Fund. The exact amounts of principal, interest, and liquidated damages cannot be calculated until the missing hours are reported.

17. Pursuant to the Agreement there remains due and owing to Funds from Defendant unpaid benefit contributions during the reporting period beginning June 2022 through the date of this Complaints Said contributions are payable through the Fund's electronic system of reporting and payment ("ESS Period"), whereby the Defendant reports its eligible employees electronically and makes the appropriate payments through electronic invoices.

18. The failure, refusal, or neglect of Defendant to make the required contributions and reports to plaintiff Fund constitutes violations of the Agreements between Defendant and the Union with respect to which plaintiff Fund is a third-party beneficiary.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT)

19. The Fund repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Pursuant to the Agreement, there became due and owing to Fund from Defendant benefit contributions and interest for the period from June 2022 through the date of this Complaint.

21. Defendant has fallen delinquent in its monthly contributions owed to the Fund and since June 2022, and although all contributions have been duly demanded, the Fund has been damaged in an amount of not less than $152,225.31.

22. As of the date of the Complaint, delinquent payment interest and accrued interest on the non-payments as described above is not less than $15,973.33 and such amount, although demanded, has not been paid.

23. As of the date of this Complaint liquidated damages are due to the Fund in an amount of no less than $30,445.06.

24. Unknown amounts in additional principal, interest and liquidated damages are due to the Fund based upon missing hours not reported by Defendant.

25. The failure, refusal, or neglect of Defendant to make the required contributions and interest payments to the Fund constitute violations of the Agreement between Defendant and the Union with respect to which the Fund is a third-party beneficiary.

26. Accordingly, pursuant to Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), Defendant is contractually liable to the Fund for benefit contributions in the amounts due for the period set forth above, and as additional delinquencies become due and owing during the pendency of this action, together with liquidated damages, costs, attorney's fees, and the interest payments on delinquent payments as described above.

## **AS AND FOR A SECOND CLAIM FOR RELIEF**
**(FUND'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)**

27. The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

29. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Fund when due. Such failures to make payments or timely payments and/or submit reports constitutes violations of Section 515 of ERISA (29 U.S.C. § 1145).

30. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

31. Accordingly, Defendant is liable to the Fund for the payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and is liable for the additional amount that become due during the pendency of this action, together with statutory damages, reasonable attorneys' fees, interest on the unpaid principal at the rate set forth under the Fund's plans, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** plaintiff Fund demands judgment:

1. against Defendant for payment of all past due contributions in the estimated amount of not less than $152,225.31 for the period beginning with June 2022 through the date of this Complaint.

2. against Defendant directing Defendant to enter the missing hours into the Fund's electronic payment system and then paying such delinquent amounts,

including interest and liquidated damages.

3. against Defendant for all sums that come due and are not paid during the pendency of this action.

4. against Defendant for accrued prejudgment interest, liquidated damages, and reasonable attorney's fees and costs on all contributions in accordance with ERISA § 502(g)(2) and the collective bargaining agreement, pursuant to Section 301 of the Taft-Hartley Act (29 U.S.C. 185);

5. for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
         March 3, 2023

Raab, Sturm & Ganchrow, LLP

By:_____
Ira A. Sturm (IS-2042)
Attorneys for Plaintiff
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
(201) 292-0150
isturm@rsgllp.com

Case 1:23-cv-01933-PAE   Document 1   Filed 03/07/23   Page 11 of 11